THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| ABIMAEL ROSADO, on behalf of Himself and all others similarly situated, )<br><br>Plaintiff,<br><br>v.<br><br>ATLAS APEX ROOFING, LLC.<br>d/b/a ATLAS-APEX ROOFING,<br><br>Defendant. | CASE NO.:_____<br><br>JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Abimael Rosado, by and through, his undersigned counsel, bring this collective action against Defendant, Atlas Apex Roofing, LLC (d/b/a Atlas-Apex Roofing, "Defendant") for himself and all others similarly situated (hereinafter collectively "Plaintiff"), pursuant to § 216(b) of the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA"), and states the following:

**Jurisdiction & Venue**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, to obtain a judgment against Defendant as to liability, recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs,

2. Defendant is a corporation conducting business in the State of Florida.

3. Plaintiff Rosado currently resides in Orlando, Florida.

4. At all times material to this action, Plaintiffs were employed by Defendant at its Oakland Park location (281 NE 32nd Street, Oakland Park, FL 33334).

SALAS LAW FIRM, P.A.

5. This action is brought pursuant to the FLSA, and specifically the collective action provision of the Act found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage and hour provisions of the FLSA by Defendant which has deprived Plaintiffs and others similarly situated to Plaintiffs of their lawful overtime wages.

6. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiff and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA. For at least three years prior to the filing of this complaint, Defendant has had a uniform policy and practice of consistently paying employees without paying them one and one-half times the regular rate for hours worked in excess of forty in a given week, as required by 29 U.S.C. § 207(a)(1).

7. Venue in this Court is proper, as the acts and omissions alleged in this Complaint, took place in this judicial district, and Defendant resides and regularly conducts business in this judicial district.

## Parties & Background Facts

7. Defendant is a roofing company, which contracts with both commercial and residential customers to repair and replace roofs.

8. Defendant employs roofers, like Plaintiff, inside and outside of Florida.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

12. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

13. Based on information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

14. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, telephones, and materials used in construction of roofs.

15. At all times material hereto, the work performed by the Plaintiff, and those similarly situated, was directly essential to the business performed by Defendant.

16. Beginning in August 2018, and continuing through January 2020, Defendant employed Plaintiff as a non-exempt, hourly-paid employee.

17. Plaintiff's duties included repairing and replacing roofs, including tarring.

18. While working for Defendant, Plaintiff earned $17.00 per hour until around August 2019, and $20.00 per hour afterwards until the end of his employment.

19. After he suffered an on-the-job injury on or about January 14, 2020, Plaintiff never returned to work.

20. Defendant paid Plaintiff by two physical checks each week.

21. One check paid Plaintiff for seventeen (17) to twenty (20) hours of work in a given week, in a check issued via ADP.

22. Plaintiff worked at least forty (40) hours per week while employed by Defendant.

23. Plaintiff consistently worked over forty (40) hours per week while working for Defendant.

24. The second check, not from ADP, reflected Plaintiff's remaining hours for each week from "Concrecel USA, LLC," which, on information and belief, is synonymous with Defendant.

25. From the beginning of his employment through January 2020, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

26. Similarly, others who also worked on roofs for Defendant (those current and former employees that are "similarly situated") also were not paid overtime premiums for hours worked over 40 hours in a workweek.

27. Plaintiff and those similarly situated were paid only their regular rate, with no overtime premiums, for overtime hours.

28. Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

29. Defendant has violated 29 U.S.C. § 207 from at least 2017 to the present, because Plaintiffs and others similarly situated, worked in excess of forty (40) hours in one or more workweeks during their periods of employment with Defendant.

30. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, and others similarly situated, at the statutory rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

31. Defendant's failure and/or refusal to properly compensate Plaintiff, and those similarly situated, at the rates and amounts required by the FLSA was willful, as Defendants knew, or should have known with reasonable diligence, that payment of overtime premiums for all hours over forty (40) worked in each workweek was required.

32. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

33. Defendant utilized this two-check system to deceive Plaintiff and the class members he seeks to represent concerning their entitlement to overtime.

34. Plaintiff worked more than forty hour in (at least) the following weeks (period ending): August 27, 2018; September 10, 2018; September 17, 2018; October 1, 2018; October 29, 2018; November 12, 2018; December 3, 2018; December 17, 2018; February 4, 2019; February 25, 2019; March 18, 2019; March 25, 2019; April 15, 2019; May 27, 2019; July 1, 2019; July 22, 2019; August 12, 2019; September 16, 2019; September 30, 2019; October 7, 2019; October 14, 2019; October 28, 2019; November 4, 2019; November 11, 2019; November 18, 2019; November 25, 2019; and December 16, 2019.

35. For example, for the pay period from November 11, 2019 to November 25, 2019, Plaintiff received: an ADP check for eighteen (18) hours of work ($20.00/hour) totaling $360.00; and another check from Concrecel USA, LLC for twenty-eight (28) hours of work ($20.00/hour) totaling $560.00; and an aggregate total for the pay period/week of $920.00. Plaintiff should have received $960.00 for this pay period if overtime had been properly paid.

36. On information and belief, there are hundreds of other current and former employees that are similarly situated and desire to opt-in to this collective action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

5
SALAS LAW FIRM, P.A.

37. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

38. From the beginning of his employment through January 2020, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

39. Those similarly situated also worked in excess of 40 hours in one or more workweek(s), but were not paid proper overtime premiums.

40. Plaintiff, and others similarly situated, were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

41. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

42. Defendant's actions were intentional and/or willful and/or showed reckless disregard for the provisions of the FLSA, as evidence by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is due.

43. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

44. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant has failed to properly pay Plaintiff

SALAS LAW FIRM, P.A.

proper overtime wages for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees.

45. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

i. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all employees in all locations during the three years immediately preceding the filing of this suit and to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of this action, and of their right to opt into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. § 216(b).

ii. Plaintiffs, and all other potential plaintiffs, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.A. § 216(b), and prejudgment interest;

iii. Plaintiffs and all other potential plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action, and other relief as justice may require;

iv. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled;

v. Enter an Order requiring Defendant to make Plaintiff, and all other potential plaintiffs', front pay, lost wages (plus interest), liquidated damages, loss of benefits including retirement, pension, seniority and other benefits of employment; and

      vi.    Enter an Order requiring Defendant to make Plaintiff (and likely some others) whole, by awarding an "incentive awards" or "service payments" consistent with his and perhaps others' service and risk incurred during the course of this collective action litigation.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues when joined.

Respectfully this 17th day of April, 2019.

//s//John P. Salas, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: jp@jpsalaslaw.com
Fla. Bar. No. 87593

//s//Michael G. Green II, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email:  michael@jpsalaw.com
Fla. Bar. No. 60859