**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | |
|---|---|
| ABIMAEL ROSADO, on behalf of Himself and all others similarly situated,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ATLAS APEX ROOFING, LLC. d/b/a  )<br>ATLAS-APEX ROOFING,  )<br>  )<br>Defendant.  ) | Case No. 0:20-cv-60808 |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, ATLAS APEX ROOFING, LLC., ("Defendant") through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8 and 12 hereby answers Plaintiff's Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

### Jurisdiction & Venue

1. Defendant admits Plaintiff has brought this action under the Fair Labor Standards Act, ("FLSA") but denies Plaintiff is entitled to any of the requested relief and all other allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant is without knowledge, and therefore denies all the allegations in Paragraph 3 of the Complaint.

4. Defendant admits it previously employed Plaintiff Rosado. Defendant denies all other allegatoins in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff has brought this action under the FLSA. Defendant, however, denies Plaintiff is entitled to any relief under the FLSA. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff has brought this action under the FLSA. Defendant, however, denies Plaintiff is entitled to any relief under the FLSA. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits, for venue purposes only, that this case is properly before this Court, but denies that any improper employment practices occurred. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

## **Parties & Background Facts**

7. Defendant denies the allegations in Paragraph 7[1] of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

---

[1] Defendant has incorporated a two paragraphs numbered "7" to match the paragraphs in Plaintiff's Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant is without knowledge, and therefore denies the allegations in Paragraph 23 of the Complaint.

24. "Concrecel USA, LLC" is separate legal entity, for which Defendant has no knowledge, therefore Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits the overtime requirements of the FLSA speak for themselves. Defendant, however, denies it violated the FLSA and denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

## COUNT 1

## RECOVERY OF ALLEGED OVERTIME COMPENSATION

37. Defendant reincorporates and readopts all responses to Paragraphs 1 through 37 above as if stated fuller herein.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

In response to the "Wherefore" allegations in Paragraph 46 of the Complaint, and subparts (i)-(vi) thereof, Defendant denies that Plaintiff is entitled to judgement or relief.

## DEMAND FOR JURY TRIAL

Defendant denies that Plaintiff will present any issue for a jury to try.

## GENERAL DENIAL

Any and all allegations not expressly admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES[2]

### FIRST DEFENSE

Plaintiff's claims for liquidated damages and the claims of the class of persons Plaintiff purports to represent are barred to the extent Defendant acted in good faith and had reasonable grounds for believing its actions were not in violation of the FLSA.

### SECOND DEFENSE

Plaintiff's claims and the claims of the class of persons Plaintiff purports to represent are barred to the extent Plaintiff seeks damages beyond the applicable limitations periods, which here is two years and at most three years, for any wage or overtime claims.

### THIRD DEFENSE

Plaintiff cannot establish that any acts or omissions of Defendant was in willful violation of the FLSA. Accordingly, a two-year statute of limitations applies to the claims of Plaintiff and the class of persons Plaintiff purports to represent.

### FOURTH DEFENSE

Plaintiff's claims and the claims of the class of persons Plaintiff purports to represent are barred because Plaintiff was paid all wages due.

### FIFTH DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiff and the class of persons Plaintiff purports to represent were allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

---

[2] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

**SIXTH DEFENSE**

To the extent Plaintiff and the class of persons Plaintiff purports to represent are entitled to damages, Defendant is entitled to a credit or set off against amounts overpaid in the course of their employment.

**SEVENTH DEFENSE**

Some or all of the disputed time for which Plaintiff and the class of persons Plaintiff purports to represent seek recovery of wages purportedly owed was spent engaged in activities which were not hours worked under the FLSA and other applicable laws and were not an integral and indispensable part of their principal activities.

**EIGHTH DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff seeks to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA or any law with respect to matters alleged in the Complaint.

**NINTH DEFENSE**

Current and former employees of Defendant are not similarly situated for purposes of the FLSA or any other law.

**TENTH DEFENSE**

Plaintiff fails to satisfy the prerequisites for certification under the FLSA and, therefore, cannot represent the interests of others.

**ELEVENTH DEFENSE**

Because liability may be not determined by a single jury on a class-wide basis, allowing this action to proceed as a collective action would violate Defendant's rights under the Seventh Amendment.

## TWELFTH DEFENSE

Plaintiff lacks standing to assert the legal rights or interests of others.

## THIRTEENTH DEFENSE

This court lacks jurisdiction over the claims of some of the putative class members.

## FOURTEENTH DEFENSE

Plaintiff's Complaint as a whole is barred in whole or in part because, based on the hours worked, Plaintiff and the alleged putative class members are not entitled to overtime compensation under the FLSA.

## FIFTEENTH DEFENSE

Plaintiff's claims and the claims of the class of persons Plaintiff purports to represent are barred to the extent Plaintiff seeks compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

## SIXTEENTH DEFENSE

Plaintiff and the class of persons Plaintiff purports to represent are estopped and/or barred from claiming overtime compensation is owed to them because some or all of them signed affirmations during or at the conclusion of their employment with Defendant in which they affirmed that they reported all hours worked for Defendant and had received all wages and other compensation to which they might be entitled.

## SEVENTEENTH DEFENSE

Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

DATED this 28th day of May, 2020.

                                        Respectfully submitted,
                                        Spire Law, LLC
                                        12249 Science Drive, Suite 155
                                        Orlando, Florida 32826

                                By: s/Jesse I. Unruh

                                        Jesse I. Unruh, Esq.
                                        Florida Bar No. 93121
                                        jesse@spirelawfirm.com

                                        Attorney for Defendant | Atlas Apex Roofing, LLC.

**CERTIFICATE OF SERVICE**

      I hereby Certify that on this 28th day of May, 2020, the foregoing was electronically filed with the Court by using the Southern District of Florida's CM/ECF portal, which will send a notice of electronic filing to: John P. Salas, Esq. at jp@jpsalaslaw.com and Michael G. Green II, Esq. at michael@jpsalaw.com at 8551 West Sunrise Boulevard Suite 300 Plantation, FL 33322.

                                        /s/ Jesse Unruh
                                        Jesse Unruh