**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

| | |
|---|---|
| ABIMAEL ROSADO, on behalf of Himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATLAS APEX ROOFING, LLC. d/b/a )<br>ATLAS-APEX ROOFING, and )<br>CONCRECEL USA, LLC, )<br>)<br>Defendant. | Case No. 0:20-cv-60808 |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND MOTION TO DISMISS THE CASE WITH PREJUDICE
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs, ABIMAEL ROSADO and JOSE E. RAMOS PEREZ and Defendants, ATLAS APEX ROOFING, LLC. and CONCRECEL USA, LLC, (Plaintiffs and Defendants are collectively the "Parties"), by and through their undersigned counsel jointly request that this Court approve the Parties' settlement and dismiss the above captioned matter with prejudice.

**BACKGROUND**

In the instant action, Plaintiffs claim entitlement to unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"). Defendants dispute Plaintiffs' claims. In order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter during settlement conference. A copy of the Settlement Agreement is attached as Exhibit A. The Parties now seek approval for the settlement from the Court.

**MEMORANDUM OF LAW**

I.    **FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

    A.    **The Settlement is Reasonable and Fair.**

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores,*

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . .The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

The Court should approve a FLSA settlement if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

    (i) the existence of fraud or collusion behind the settlement:
    (ii) the complexity, expense, and likely duration of the litigation;
    (iii) the stage of the proceedings and the amount of discovery completed;
    (iv) the probability of plaintiffs' success on the merits:
    (v) the range of possible recovery; and
    (vi) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. Jan. 8, 2007). *See also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066, at *4 (M.D. Fla. Apr. 12, 2006). The Court should apply the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3. *See also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977).

### B.     The Relevant Criteria Support Final Approval of the Settlement.

#### i.     There is no fraud or collusion behind the settlement.

First, courts have found no fraud or collusion where the parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel. Defendant Atlas Apex Roofing, LLC was represented by Jesse I. Unruh, Esquire of Spire Law, LLC, and Concrecel USA, LLC was represented by Oscar E. Soto, Esquire of Soto Law Group, P.A. Plaintiffs were represented by John P. Salas, Esquire and Michael G. Green II, Esquire of Salas Law Firm, P.A. All of the counsel involved have extensive experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

As discussed further below, the amounts to be paid to Plaintiffs and their counsel are fair in light of the dispute over the merits of Plaintiffs' claims, and the expense and uncertainty of continuing to litigate their claims.

#### ii.    The complexity, expense, and length of future litigation support the reasonableness of this settlement.

The Parties continue to disagree over the merits of the claims asserted by Plaintiffs.

Plaintiffs contend that they were not paid for all hours worked. Defendants contend that Plaintiff was paid for all compensable hours worked. Defendants further contend that even assuming *arguendo* Plaintiffs worked any time that they were not paid for, such time was *de minimis.* Plaintiffs contend both defendants were joint employers, Defendants contend they were not. If this case is litigated further, Plaintiffs will bear the burden of proving that they performed work for which they were not properly compensated. *See Reyna v. Conagra Foods, Inc.,* No. 3:04-cv-39, 2006 U.S. Dist. LEXIS 89690, at *10 (M.D. Ga. 2006), *citing Anderson v. Mt. Clemens Pottery Co.,* 382 U.S. 680, 687, 66 S.Ct. 1187, 90 L. Ed. 1515 (1946).

Defendants, in turn, will have to prove that they kept accurate records of Plaintiffs' wages, hours, and other conditions and practices of employment, and that they paid them appropriate wages for any overtime hours worked. *See Jackson v. Corr. Corp. of Am.*, No. 14-11010, 2015 U.S. App. LEXIS 5193, at *16-17 (citing *Allen v. Bd, of Pub. Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007)). Defendants would also have to resist claims that they were joint employers. Should this matter proceed, the Parties will bear the substantial expense of litigating these disputed issues. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

   iii. <u>There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.</u>

The next factor the court should consider is the stage of the proceedings and the amount of discovery completed. The Parties have exchanged information regarding Plaintiffs' hours worked and compensation, and the Parties' counsel have had additional discussions and exchange of information relating to the claims and defenses. In agreeing upon the proposed settlement, the Parties exchanged sufficient information to allow them to make an educated and informed analysis and conclusion.

4

      iv.    <u>Plaintiffs' probability of success on the merits is uncertain.</u>

Plaintiffs' probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiffs assert that they worked certain hours per week, and that they were not compensated properly for these hours. Meanwhile, Defendants contend that Plaintiffs were compensated for all amounts to which they are entitled. Defendants believe they can present credible evidence that Plaintiffs were not working for all of the time they claimed to be working. Further, defendants contend that they can prove they were not joint employers.

      v.    <u>Plaintiffs' range of possible recovery is uncertain.</u>

Even if Plaintiffs prevail, their range of recovery is uncertain. The Parties disagree over basic factual allegations pertaining to and the number of hours Plaintiffs worked. Defendants also contend that, assuming *arguendo*, Plaintiffs performed any work, for which they were not properly paid, which Defendants deny, it was *de minimis*. In light of the uncertainty of the amounts, if any, Plaintiffs would recover if they were to continue litigating their claims, the Court should find that the settlement is fair and reasonable.

      vi.    <u>The Parties weighed the opinions of counsel in deciding whether to settle.</u>

Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

    **C.**    **The "Compromise" of Plaintiffs' FLSA Claim is Reasonable.**

There is a *bona fide* issue as to whether Plaintiffs worked the number of hours they are claiming and whether Defendants are joint employers. The settlement is a fair resolution of a

*bona fide* dispute because both Parties risk the possibility that the Court or a jury would find against them should this matter proceed to trial.

        **D.**     **The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). The attorney's fees and costs that the Parties agreed upon for Plaintiffs' counsel, were negotiated separately from and without regard to the settlement sums being paid to Plaintiffs. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). The attorney's fees and costs negotiated separately in this matter are fair and reasonable.

## **CONCLUSION**

As demonstrated above, the settlement terms are fair, reasonable and adequate. The Parties' FLSA settlement does not include a general release. Thus, the Parties hereby jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil

Procedure 41(a), upon approval of the settlement by the Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement; and (iii) GRANT such further relief as the Court deems appropriate.

Dated this 11th day of December, 2020.

| | |
|---|---|
| Respectfully submitted,<br>Spire Law, LLC<br>2572 W. State Road 426, Suite 2088<br>Oviedo, Florida 32765<br><br>By:/s/Jesse I. Unruh<br>Jesse I. Unruh, Esq.<br>Florida Bar No. 91121<br>jesse@spirelawfirm.com<br>lauren@spirelawfirm.com<br><br>Attorney for Defendant | ATLAS APEX ROOFING, LLC<br><br><br>By: /s/ Oscar E. Soto<br>Oscar E. Soto, Esq.<br>Florida Bar No. 766038<br>SOTO LAW GROUP, P.A.<br>*Attorneys for Defendant,*<br>*CONCRECEL USA, LLC*<br>2400 E. Commercial Boulevard,<br>Suite 400<br>Fort Lauderdale, FL 33308<br>Telephone: (954) 567-1776<br>Emails: oscar@sotolawgroup.com<br>rebecca@sotolawgroup.com<br>eservice@businesslitigation.com | *s/Michael G. Green II, Esq.*<br>SALAS LAW FIRM, P.A.<br>8551 West Sunrise Boulevard<br>Suite 300<br>Plantation, FL 33322<br>Office: (954) 315-1155<br>Fax: (954) 452 -3311<br>Email: michael@jpsalaw.com<br>Fla. Bar. No. 60859<br><br>John P. Salas, Esq.<br>SALAS LAW FIRM, P.A.<br>8551 West Sunrise Boulevard<br>Suite 300<br>Plantation, FL 33322<br>Office: (954) 315-1155<br>Fax: (954) 452 -3311<br>Email: jp@jpsalaslaw.com<br>Fla. Bar. No. 87593<br><br>Attorneys for Plaintiffs |

## **CERTIFICATE OF SERVICE**

I hereby Certify that on this 11th day of December, 2020., the foregoing was electronically filed with the Court by using the Southern District of Florida's CM/ECF portal, which will send a notice of electronic filing to: John Salas, Esquire and Michael G. Green II, Esquire at jp@jpsalaslaw.com; michael@jpsalaslaw.com; amy@jpsalaslaw.com at SALAS LAW FIRM, P.A., 8551 West Sunrise Boulevard, Suite 300, Plantation, FL 33322.

*/s/ Jesse I. Unruh*
Attorney